| | |
|---|---|
| **From:** | Michele Koch |
| **To:** | Anthony McDaniel |
| **Cc:** | Kendal Koch; Jessica Bernard; Nikki Burkey |
| **Subject:** | 2nd Good Faith request |
| **Date:** | Thursday, September 1, 2022 9:00:29 AM |

On August 19th, I emailed a request for the Defense to supplement their Response by marking <u>all</u> Responsive documents with the paragraphs they are in response to. Today, September 1st, is our second good faith request for the Defense to supplement their Response to our Request for the Production of Documents by marking responsive documents with the number of the paragraph each document is in response to.

Plaintiffs' Claim alleges that the fabrication of R.K.'s education records was part of Defendants' retaliatory conduct. Support Plans were specifically mentioned.

I'm still looking into this, but I'm fairly certain if we can establish that the Defendants have lied about <u>anything,</u> we can inform the jury that they can disregard the Defendants entire testimony.

All parties know that "Support Plans" were concocted after the report to the Children's Division was made to cover for Kayla Taylor's huge mistake in reporting that Plaintiffs' requests for accommodations and engagement in the 504-process were her own efforts to discuss abuse and neglect with Plaintiffs; however, since the Defendants now claim to have produced them, you're going to have to point them out.

There are no responsive documents titled "Support Plan." You claim three "Support Plans" were provided, but since three similar documents were not provided, we cannot even begin to assume which documents respond to our request for the production of the alleged "Support Plans."

Plaintiffs' Claim also alleges that the Defendants did not adhere to adopted school board policies concerning the notification of absences and the requirement of intervention prior to contacting the Children's Division. We requested the production of correspondence FROM the PHSD to us, and correspondence FROM Kayla Taylor to us, that specifically mentions absences, educational neglect, medical abuse/neglect, and/or well-being concerns for R.K.

Again, all parties know that this correspondence doesn't exist; however, since the Defendants claim to have produced it, you're going to have to point it out.

The Defense responded to our Requests for Admissions to Facts and Requests for Admission to the Genuineness of Documents by numbering their Responses in accordance with Plaintiffs' paragraphs. It's clear that the Defense understood the directions.

The Defense is representing a party who is funded by tax payer dollars (our taxpayer dollars) and federal financial assistance. The Defense is obligated to minimize not only the Defendants' damages, but also their legal expenses.

If we have to file a motion to Compel, we will request sanctions against the Defense for not responding in good faith and for the accumulation of unnecessary billable hours. We will also request the Defense supplement their Response at no cost to the Defendants.

Please supplement your Response to Plaintiffs' Request for the Production of Documents by numbering your responsive documents in accordance to the paragraph they are in response to. Alternatively, we could move forward with a settlement conference and spare the Defendants from perjuring themselves.

Thank you,
Michele

P.S. We have filed a lawsuit against the Children's Division employees. We are aware that we cannot use discovery obtained in this case as evidence in the other case and vice-versa. Please give the Defendants a head-up that we will be requesting access to our children's student records in relation to that case and that they should respond appropriately by providing access.