UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| MICHELE KOCH and KENDAL KOCH, ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> KAYLA TAYLOR, *et al.* ) <br> ) <br> Defendants. ) | Case No: 4:22-cv-00229-HFS |

**DEFENDANTS' REPLY TO PLAINTIFFS'
SUGGESTIONS IN OPPOSITION TO DEFENDANTS' MOTION TO STRIKE
PLAINTIFFS' NOTICE OF VOLUNTARY DISMISSAL**

COME NOW Defendants, through counsel and pursuant to Federal Rules of Civil Procedure Rule 41, in reply to Plaintiffs' Suggestions in Opposition to Defendants' Motion to Strike, respectfully state to the Court as follows:

## I. INTRODUCTION

This case presents a textbook example of when a Plaintiff should **not** be permitted to seek dismissal with prejudice, particularly at the cusp of resolution on the merits.

- Plaintiffs filed their 103 page Complaint a year ago in April 2022, and Defendants filed their Answer.

- The parties have engaged in considerable discovery, including the time and expense involved in responding to Plaintiffs nearly 300 discovery requests.

- Plaintiffs have provided sworn deposition testimony, despite their attempts to avoid their depositions.

- Plaintiffs have filed numerous lengthy Motions accusing both the Defendants and their counsel of various misconduct, requiring additional time and defense expenses due to the nature of serious misrepresentations made to this Court.

1

- Plaintiffs submitted their case via a Motion for Summary Judgment, which was exhaustively opposed by Defendants.

- Plaintiffs failed to disclose a single document in response to Defendants' First Request for Production of Documents, requiring Defendants to spend a significant amount of time attempting to resolve this failure to disclose through communications with Plaintiffs and the Court.

- Plaintiffs engaged in various antics, which included contacting Defendants' insurance carrier and making false allegations, have resulted in considerable time and expense in addition to the costs associated with any legal defense, particularly in a case of this nature.

As briefed in Defendants' Response to Plaintiffs' numerous pending Motions, Plaintiffs purposefully engaged in various tactics to drive up defense costs and improperly attempt to strong-arm the Defendants into settling this case. [Doc. 68] But when their antics were unsuccessful, and they were required to provide factual argument and legal support of their accusations, Plaintiffs request that this Court grant them a "do over." In support of their request, they make inconsistent arguments, all of which are unpersuasive and unsupported legally. Dismissal of Plaintiffs' claims with prejudice is the only appropriate resolution of this case.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 41 allows Plaintiffs two avenues for voluntary dismissals. Fed. R. Civ. P 41(a)(1) allows the Plaintiffs to dismiss an action without the permission of the adverse party or the court prior to Defendants filing an answer or motion for summary judgment. The rule only allows such a dismissal "during the brief period before the defendant had made a significant commitment of time and money." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384 (1990) (internal citations omitted). Once that period of time has elapsed, Plaintiffs may only seek

2

a voluntary dismissal by agreement of the parties or by order of the court "upon such terms and conditions as the court deems proper" Rule 41(a)(2). While a Plaintiff may seek a dismissal without prejudice, "Rule 41(a)(2) implicitly permits the district court to dismiss an action with prejudice in response to a plaintiff's motion for dismissal without prejudice." *Jaramillo v. Burkhart*, 59 F.3d 78, 79 (8th Cir.1995).

A decision whether to allow a party to voluntarily dismiss a case rests upon the sound discretion of the court. In exercising that discretion, a court should consider the following factors: "(1) the defendant's effort and the expense involved in preparing for trial, (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, (3) insufficient explanation of the need to take a dismissal, and (4) the fact that a motion for summary judgment has been filed by the defendant." *Paulucci v. City of Duluth*, 826 F.2d 780, 783 (8th Cir. 1987); see also *Hamm v. Rhone–Poulenc Rorer Pharm., Inc.,* 187 F.3d 941, 950 (8th Cir.1999)(internal citations omitted). When determining whether a voluntary dismissal is appropriate "a district court is not limited to considering just the expenses and costs related to the lawsuit." *Paulucci* at 783.

The intent of Rule 41(a)(2) is "primarily to prevent voluntary dismissals which unfairly affect the other side. Courts generally will grant dismissals where the only prejudice the defendant will suffer is that resulting from a subsequent lawsuit." *Paulucci* at 782; see also *Conafay By Conafay v. Wyeth Laboratories*, 793 F.2d 350, 352–53 (D.C.Cir.1986); *Kern v. TXO Prod. Corp.*, 738 F.2d 968, 970–71 (8th Cir.1984).

A similar issue was evaluated by the Eastern District of Missouri in *Calhoun v. Wal-Mart* (No. 4:06CV683 CDP, 2007 WL 1289792 (E.D. Mo. May 1, 2007), aff'd, 330 F. App'x 119 (8th Cir. 2009)). In that case, the Court evaluated the *Paulucci* factors. The Court found that the case was filed over a year before the request for dismissal was filed and, in that time, Defendant

3

"incurred expenses in answering Calhoun's complaint, attending court conferences, deposing Calhoun, taking written discovery, participating in mediation, and filing motions to dismiss and for summary judgment." *Id.* at *1. The Court found, based on the *Paulucci* factors, that dismissal without prejudice would be inappropriate and instead granted Defendant's motion and dismissed the matter with prejudice.

It is clear that the actions undertaken by the Defendants in this matter are substantially similar to the actions exhibited by the Defendant in the *Calhoun* matter. As such, it is appropriate here, as it was in *Calhoun*, to dismiss the present action with prejudice.

### III. ARGUMENT

Plaintiffs' argument in support of dismissal without prejudice are inconsistent and unpersuasive. Initially, Plaintiffs' argument appeared to be based on their assertion that counsel "asked if Defendant could shoot Plaintiffs' disabled child." [Doc. 72] Plaintiffs never provided any evidence of their allegation, other than their own assertions. In response, Defendants provided this Court with the actual deposition transcript and the video portions of the deposition. [Doc. 77] Interesting, Plaintiffs argued that Defendants "supported their argument **only** with Plaintiffs' deposition testimony." [Doc. 82, p. 2, No. 6] Plaintiffs are correct, in response to Plaintiffs argument that **during a deposition** they were threatened with harm to their child, the Defendants provided the actual deposition testimony. Fortunately, the transcript and video allow this Court to fully evaluate the validity and authenticity of Plaintiffs' argument.

In contrast, Plaintiffs provide no evidence of any threat as the party making the accusation. A review of the deposition testimony clearly demonstrates that no threat, direct or implied, was made during the deposition. Defendants exhaustively briefed how the deposition testimony and video demonstrate that Plaintiff Michele Koch's claim that she was in fear for her child's safety is

4

unpersuasive, and yet another misrepresentation to this Court. [Doc. 77] Other than arguing that actual deposition testimony is not "evidence of their internal feelings and intentions," they provide no explanation, whatsoever, for Plaintiff Michele Koch's deposition responses and demeanor, as captured in the deposition transcript and on video. Under Plaintiffs' analysis, this Court should completely disregard documented questions and answers posed during the deposition (and provided to this Court by Defendants), and rely merely on Plaintiff Michele Koch's allegations even if all objective evidence before the Court demonstrates otherwise.

Plaintiffs briefing before this Court contains directly contradictory statements to this Court about their "feelings." Plaintiffs argue in Paragraph 10 of their SIO that they "**did not claim that they feared** that Defense Counsel intended to harm R.K." [Doc. 82, p. 2,] Plaintiffs, in fact, made this exact argument to the Court in their Reply and Deferral, stating that their child was "threatened " and that they are in "**fear their self-representation has put R.K. in danger** of being physically and psychologically harmed by the Defendants." [Doc. 72, p. 2] In fact, Paragraph 23 of Plaintiffs SIO (the very brief wherein Plaintiffs argue that they "did not claim that they feared") states, "On January 16, 2023, **two days after being placed in fear** for R.K.'s safety." [Doc. 82]

Additionally, Plaintiffs dedicate numerous pages of their SIO to arguing that Nerf guns and items are, actually, dangerous weapons. As briefed in Defendants' Motion to Strike [Doc. 77], this is confusing given that the only reason Nerf guns/items were discussed is became Plaintiff Kendal Koch offered testimony that he used such items to test his son's injuries. Follow-up questions were asked of Plaintiff Michele Koch about her husband's deposition testimony.

It is wholly unpersuasive for Plaintiff Michele Koch to argue that mention of such items is threatening when the questions were clearly regarding the exact tests her own husband, a Plaintiff in this case, performed on her son. In fact, Plaintiff Michele Koch was specifically told in the

5

Case 4:22-cv-00229-HFS   Document 83   Filed 04/06/23   Page 5 of 8

deposition that her husband had testified about Nerf guns and water guns. The question was posed to develop the argument that unlike Plaintiff Kendal Koch, who testified that he questioned the validity of the symptoms reported by R.K. and Plaintiff Michele Koch (and in response performed harmless, objective tests on him with Nerf items and water guns), the District had no other option than to contact Children's Division when they also shar3d concerned for the manner in which R.K.'s symptoms presented. Plaintiffs have failed to provide any evidence to this Court that Plaintiff Michele Koch sincerely interpreted the questioning during her deposition as intimidating or harassing. This, after the fact, argument represents nothing more than additional misrepresentations made to this Court.

In their SIO, Plaintiffs also dedicate considerable briefing arguing the facts, attempting to point out inconsistencies between the Defendants' documents and statements. [Doc. 82] If Plaintiffs want to litigate the facts, they can withdraw their request for dismissal and actually litigate the facts; all of their arguments could be made to a jury. But instead, they continue to seek dismissal, and subsequently avoid providing a response to factual and legal arguments provided to this Court by the Defendants. However, Plaintiffs have decided to abandon their factual arguments.

Instead, Plaintiffs attempt to argue that they will suffer hardship because they need to amend their complaint and add parties due to "new evidence." Plaintiffs offer no argument as to why they failed to obtain the alleged "new evidence" during discovery. Plaintiffs identify documents they could have sought in discovery, and witnesses who have been identified throughout the case. Plaintiffs chose not to obtain depositions of every person they now allege they want to add as parties. That was their choice, and it would be wholly improper to require the

6

Defendants to entirely re-litigate this matter from inception due to Plaintiffs failure to conduct discovery.

Plaintiffs' arguments to this Court supporting their request for dismissal without prejudice are unpersuasive and legally unsupported. Plaintiffs fully engaged in the discovery process for a year and engaged in antics specifically designed to drive up defense costs, making every attempt to force the parties into mediation (including asking this Court to disqualify counsel for Defendants and force Defendants to settle this case through mediation). Their eleventh-hour request for a "do-over" should be denied, particularly given the series of misrepresentations made by Plaintiffs to this Court in support of their argument. Given that the Court is going to dismiss Plaintiffs' lawsuit before Defendants file a Motion for Summary Judgment by the deadline provided in the Scheduling Order [Doc 81], Defendants respectfully submit that dismissal with prejudice is both factually and legally supported.

## IV. CONCLUSION

**WHEREFORE**, the Defendants request that the based on the foregoing reasons, the Court strike Plaintiffs' Notice of Voluntary Dismissal, or in the alternative, enter a dismissal with prejudice pursuant to Federal Rule of Civil Procedure Rule 41(a)(2), and for such other and further relief as the Court deems just and proper in the premises.

Respectfully Submitted By,

**GUIN MUNDORF, LLC**

*/s/ Jessica Bernard*_____
Jessica M. Bernard MO #58980
jbernard@gmschoollaw.com
Anthony S. McDaniel MO #68767
amcdaniel@gmschoollaw.com
4520 Main St, 520
Kansas City, MO 64111
(816) 333-1700
(816) 886-3860 (Fax)

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of April, 2023, Defendants' Reply to Plaintiffs' Suggestions in Opposition to Defendants' Motion to Strike was sent via electronic mail to:

Michele Koch
kochmichele@live.com
Kendal Koch
Kkoch@bssd.net
PRO SE PLAINTIFFS


*/s/ Jessica Bernard*___
AN ATTORNEY FOR DEFENDANTS