# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| MICHELE KOCH and KENDAL KOCH, )<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>KAYLA TAYLOR, *et al.* )<br>)<br>Defendants. ) | Case No: 4:22-cv-00229-HFS |

## PLAINTIFFS' REPLY SUGGESTIONS IN SUPPORT OF THEIR RULE 60 MOTION AND REQUEST FOR A HEARING AND ORAL ARGUMENT

Pro Se Plaintiffs, Kendal Koch and Michele Koch, submit these Reply Suggestions in support of their Rule 60 motion for relief (ECF 85). Pursuant to Local Rule 7.0(e), due to the serious nature of the matter, and to ensure Plaintiffs' due process rights are observed, Plaintiffs respectfully **request a hearing and oral argument** and state the following:

The Defendants' response perpetuates witness intimidation and fraud and is a good example that demonstrates how Plaintiffs were prevented from fairly presenting their case. As explained further herein, the Defendants' response deprives Plaintiffs of due process. It is vague, non-responsive, confusing, misrepresents the record and the evidence, and omits the Defendants' and Counsel's personal knowledge of material facts.

**I. ABUSE OF FOOTNOTES**

Plaintiffs have not been provided with proper notice of the opposition argument, because a large portion of the Defendants' argument is inappropriately contained in excessive footnotes. Pro Se Plaintiffs do not fully grasp the rules of motions, but they do know that footnotes are not a place to raise arguments, misrepresent the record, make requests from the Court, or litter with

1

personal attacks from counsel to prejudice the Court against Plaintiffs.

In looking back through all the Defendants' briefs, Plaintiffs have found that Defense Counsel often uses footnotes to insult Plaintiffs, make false and scandalous accusations, and misrepresent the facts and evidence.

The Defendants' response contains literal paragraphs of false statements in footnotes that cannot go unaddressed, but there are too many to fit into these Reply pages. Plaintiffs are using their Reply pages to point out a few good examples of footnotes meant to mislead and prejudice the Court through knowing and willful misrepresentations.

1. Counsels' **footnote 3** states in part "While the newly provided legal invoices do not provide this Court with any new or conflicting information, they could have been obtained during litigation and Plaintiffs provide no explanation for why they were not." (ECF 92 at 4).

First, the Defendants and Counsel both have personal knowledge that the newly obtained financial records prove that counsels' law office was paid for legal services that includes consultations AND drafting of the "Summary of R[K]'s medical/educational history for 2020-2021," and includes interfering with Plaintiffs' school discrimination hearing that resulted in this lawsuit. The Defendants and Counsel continue to omit personal knowledge that a Guin Mundorf LLC attorney, who is being hidden, is the person responsible for numerous claims and damages in the Complaint and caused the Defendants to breach a fiduciary duty they owe to Plaintiffs.

Second, the Defendants and Counsel both have personal knowledge that they obstructed Plaintiffs' efforts to obtain financial records during discovery. Plaintiffs made a discovery request for "...the PHSD's budget for the 2020-2021 school year. Include documentation of transfers between budgets (i.e. transfers from a special education budget to the General budget)."

On October 17, 2022, Counsel objected stating, "Objection - Plaintiffs' request is overly burdensome and seeks information wholly unrelated to the claims outlined in the Compliant and

2

is not proportional to the needs of the allegations in this matter (**Ex. 1** – discovery request at 17, ¶34).

The school's budget was discoverable and would have likely shown transfers or payments to Guin Mundorf or a legal expense account during the relevant timeframe. Instead, the Defendants increased costs to Plaintiffs by $95.30, to discover information that should have been provided free and willingly during discovery while the case was open.

2. Counsels' **footnote 6** states "Plaintiffs' implication that counsel independently prepared and/or drafted a "Summary" defies logic and common sense. The document, on its face, summarizes events and meetings that counsel would have no knowledge regarding." (ECF 92 at 6).

Defense Counsel knowingly misrepresents their own personal knowledge and financial records to the Court in this footnote. First, no one claimed counsel *independently* created the "Summary," and Counsel knows that. Plaintiffs and Defendants have all agreed that the Defendants and their attorneys worked *together*. The Defendants provided their attorneys with access to emails between Plaintiffs and school officials, and an attorney typed the "Summary of R[K]'s medical/educational history for 2020-2021," to change R.K.'s history.

Further, Counsel knows that during discovery the Defendants refused to produce ESI for the "Summary," but admitted that the majority of entries in the "Summary" were created from information found in emails, not personal knowledge. (**Ex. 2** – ESI discovery request).

Second, Counsels' law office literally billed the Defendants for drafting the "Summary." The new evidence was attached to Plaintiffs' Suggestions in Support (ECF 86). The only mystery remaining is which Guin Mundorf LLC attorney typed the "Summary."

Third, Defense Counsel knowingly and willfully deceives the Court, by making the

3

Case 4:22-cv-00229-HFS    Document 94    Filed 07/31/23    Page 3 of 13

material omission that they have a dual role in the Pleasant Hill R-III School District as counsel *and* public-school official.

Pleasant Hill R-III School Board Administrative Procedure JO-1-AP(1): STUDENT RECORDS - (K–12 Districts) in relevant part, provides the following definition for school official (emphasis added): "***School Official*** –…3. A person paid by the district to perform a special task that requires access to student records, such as an **attorney**..."

(https://simbli.eboardsolutions.com/Policy/ViewPolicy.aspx?S=83&revid=OxTTslshiGCUKNT1igPEPZIlg==&ptid=amIgTZiB9plushNjl6WXhfiOQ==&secid=p6v70fD4K8ukRv6vtplusTtSg==&PG=6&IRP=0&isPndg=false accessed 07/30/2023).

Despite the Defendants protests, the "Summary" is material to numerous claims in the Complaint alleging that the *Defendants* fabricated education records. Counsel knowingly makes a material omission by refusing to acknowledge that the financial records and email from Board secretary, Cathy Jobe, confirm a Guin Mundorf attorney drafted the false "Summary" of records relevant to the claims, not the Defendants.

Counsel is aware that they have never revealed the identity of the attorney who typed the "Summary," which is required in initial disclosures and is not subject to privilege when it involves a crime. Conspiracy against rights does not require an overt act as an element of the crime. The *agreement* between the Defendants and attorneys to create a false "Summary" of R.K.'s records is a crime. Counsels' assistance with covering up fellow attorney involvement with a crime constitutes aiding and abetting. Counsel loses privilege as well.

Defense Counsel cannot join, assist, or aid and abet a crime or conspiracy, without consequence. Regardless of whether Counsel were the attorneys consulted or the attorneys who drafted the "Summary," Counsel joined the conspiracy when they presented the "Summary" during discovery with two notes attached and claimed it was the three separate "Support Plans" that only exist in the imagination of the attorney who drafted the "Summary." Not a single

4

Defendant has admitted to developing "Support Plans" and not a single Defendant has admitted to being the person that typed the "Summary." The Defendants are likely unaware of the seriousness of the situation Guin Mundorf attorneys have gotten them into.

Plaintiffs were prevented from fairly presenting their case, because Guin Mundorf attorneys have a conflict of interest and need to cover up their involvement with a crime.

3. Counsel's **footnote 7** that states that Plaintiffs merged two documents into a single exhibit, is a false statement. The Defendants are aware that when they charged Plaintiffs for the documents that should have been produced during discovery, Cathy Jobe, the Board of Education Defendants' secretary, merged the documents. Cathy Jobe will have to answer as to why she presented the April 2021 financial records with Plaintiffs' request attached. (ECF 92 at 6).

This same footnote further states "Defendants are hopeful that Plaintiffs did not intend to intentionally mislead the Court into believing the entire billing records for April 2021 were provided in response to Plaintiffs' Sunshine Law request for records surrounding the "Summary" document. However, Plaintiffs' likely intent is evidenced when they argue that "… THOUSANDS of dollars from the public school's funds were spent consulting about a summary and timeline …" and "creating a comprehensive summary and timeline."

Counsel misquoted Plaintiffs. It should read, "the legal services obtained, and the amount paid for consultation and creation of the "summary" far exceeds an April 19, 2021, entry for $352.50. THOUSANDS of dollars from the public school's funds were spent consulting about a summary and timeline, reviewing voluminous records, strategizing against parents, using the "summary" to stop an OCR investigation, eavesdropping on Plaintiffs during meetings, AND creating a comprehensive summary and timeline."

The Defendants don't dispute that they spent THOUSANDS of dollars in relation to the "Summary." They only state that the entire month's billing was not related, and Plaintiffs made no such claim that it was.

4. Counsel' **footnote 8** states, "Defendants also remind this Court that Plaintiffs have repeatedly argued that the "Summary" is inadmissible hearsay. ECF 37."

The Defendants knowingly misrepresent the record. Plaintiffs actually stated, "The Summary of R.[K.]'s medical/educational history for 2020-2021 is a four-page manufactured document of hearsay organized by date." (ECF 37 ¶87) and stated, "Defendants' responsive documents PHSD_000001 – PHSD_000006 aka the first alleged Support Plan developed on January 6, 2021, which is not a Support Plan nor admissible evidence that a Support Plan was developed, but it is the same manufactured "Summary" as Exhibit #14 with the addition of two personal notes." (ECF 37 ¶23).

The fabricated "Support Plans" that the Defendants and Counsel produced during discovery are not admissible as evidence of "Support Plans." The "Summary" is admissible as evidence of a crime and to prove the falsity of the document. Counsel knowingly affirmed the Defendants' false statement.

5. Counsels' **footnote 11** states "...to the extent Plaintiffs feel the Defendants have been wronged by their counsel, that is not a matter of Plaintiffs' concern." (ECF 92 at 8). The Defendants, who are public school officials and recipients of federal financial assistance, owe a duty to Plaintiffs to comply with disability laws which includes providing a remedy for retaliation and providing federally required procedural safeguards that ensure Plaintiffs are not deprived of due process when making a discrimination complaint among other things. Creating a false "Summary" of student records is an abuse of authority, breaches the duty owed to

6

Case 4:22-cv-00229-HFS   Document 94   Filed 07/31/23   Page 6 of 13

Plaintiffs, harms Plaintiffs, and is a crime.

Likewise, the Defendants' chosen counsel owes a duty to the Defendants to ensure the legal services they provide are lawful and do not cause the Defendants to breach the duty owed to Plaintiffs. The Defendants' choice of counsel *is* Plaintiffs' concern, and the concern of every person with a child in this school district.

6. Counsels' **footnote 12** states "And even if the attorney who provided the advice is a material witness, which as briefed in ECF 68 is highly unlikely..." (ECF 92 at 10). Plaintiffs were prevented from fairly presenting their case, because the Defendants and Counsel continually refuse to admit that the attorney didn't just provide advice. An attorney drafted the "Summary." Guin Mundorf attorneys are material witnesses, and some are required to be joined as defendants. This includes Counsel, because Counsel can't assist the Defendants or hide the attorney responsible without aiding and abetting.

Counsel references ECF 68 in this footnote, which is their suggestions in opposition to disqualify Defense Counsel. Elsewhere in their brief, the Defendants misrepresent the Court's record by stating "...to this Court that the "Summary" document was fully briefed by the Defendants in ECF 68, and state that "Plaintiffs' pending Motion is nothing more than an attempt to resurrect prior arguments previously presented and rejected by this Court." (ECF 92 at 1-2, ¶2).

The Defendants make material omissions and misrepresentations in their brief at ECF 68, and this Court did *not* reject Plaintiffs' argument to Disqualify Defense Counsel (ECF 54-55). On March 22, 2023, *after* Plaintiffs requested to dismiss their Complaint without prejudice for what amounts to witness intimidation (ECF 72), this Court dismissed Plaintiffs' motion to disqualify Defense Counsel WITHOUT prejudice (ECF 81).
7

## II. WITNESS INTIMIDATION AND FALSE CLAIM OF EXPENSES

The new evidence obtained after the case was closed also shows, at ECF 68, that the Defendants requested sanctions against Plaintiffs for expenses and injuries that the Defendants and their Counsel knowingly fabricated.

On January 12, 2023, the Defendants filed their suggestions in opposition to disqualify Defense Counsel. The Defendants' brief contains a headline stating, "Plaintiffs' Conduct Is Sanctionable, and Defendants Seek Sanctions to Ensure That No "Public Funds" Are "Misappropriat[ed] or Misus[ed]" Responding to Plaintiffs' Harassing and Frivolous Filings." (**Ex. 3 -** ECF 68 at 36, V).

The Defendants then state that, "Defendants acknowledge that ordering a pro se Plaintiff to reimburse Defendants for the fees and costs incurred in responding to numerous Motions laced with unfounded allegations is atypical; however, Defendants respectfully submit that Plaintiffs have earned an atypical consequence." further "Defendants seek reasonable attorney's fees associated with responding to the pending Motions." (**Ex. 4** - ECF 68 at 38).

The new evidence shows that the Defendants didn't incur any expenses from Defense Counsel, especially not from public school funds as they specifically claimed. An email from the Board of Education Defendants' secretary Cathy Jobe, on April 12, 2023, states, "You made a request seeking, 'All invoices from Guin Mundorf LLC covering all services related to a federal lawsuit filed on April 6, 2022, known as 4:22-cv-00229-HFS...We have reviewed this request and the District has no documents applicable to your request." (**Ex. 5** - FOIA response, Request #2).

Defense Counsel has personal knowledge of the expenses the Defendants do or don't incur from Guin Mundorf; therefore, the Defendants *and* Defense Counsel knowingly and willfully made false claims to support their request for sanctions in an effort to oppress and

8

intimidate Plaintiffs into silence when Plaintiffs tried to bring attorney personal involvement with the creation of the false "Summary" to the Court's attention. The Defendants and Counsel used witness intimidation to deprive Plaintiffs of due process, to further a crime during these proceedings, and to prevent Plaintiffs from fairly presenting their case.

### III. WITNESS INTIMIDATION AND FALSE ACCUSATIONS

The Defendants made a knowingly false accusation that Plaintiffs "...contacted Defendants' insurance carrier, via email, and accused Defendants' counsel of various wrongdoing, including "failing to engage in discovery" and improperly "declining to engage in alternative dispute resolutions." (**Ex. 6** - ECF 68 at 8, ¶9).

Although required in initial disclosures, the Defendants and their Counsel are fully aware that they never provided Plaintiffs with their insurance agreement or carrier's information. To this day, Plaintiffs have no idea who the Defendants' insurer is and have never contacted them.

On December 7, 2022, Emily Meyers of Guin Mundorf emailed Plaintiffs the Defendants' *brokerage* policy on behalf of Defense Counsel Jessica Bernard (**Ex. 7** - email). The Defendants' supplemental initial disclosures show that the Defendants did not provide any insurance information in their disclosures, and that they are fully aware the requirement is for an insurance agreement under an insurance business. (**Ex. 8** – Defendants' disclosures at 8).

The Defendants and their Counsel provided Plaintiffs with their Missouri United School Insurance Council (MUSIC) plan document. MUSIC is a program formed under RSMo §537.620. (**Ex. 9** – MUSIC plan at 3, ¶1).

RSMo §537.620 states in relevant parts, "Political subdivisions may jointly create entity to provide insurance — entity created not deemed an insurance company or insurer." "...the coverage provided by such entity and the administration of such entity shall not be deemed to constitute the transaction of an insurance business...Risk coverages procured under this section

9

shall not be deemed to constitute a contract, purchase, or expenditure of public funds (**Ex. 10** - RSMO §537.620).

The Defendants and their counsel doubled down on these same false accusations in their Reply brief at ECF 83, when they repeated the claim that "Plaintiffs engaged in various antics, which included contacting Defendants' insurance carrier and making false allegations, have resulted in considerable time and expense in addition to the costs associated with any legal defense, particularly in a case of this nature." (**Ex. 11** - ECF 83 at 2, ¶3).

The Defendants and Counsel continue to engage in witness intimidation in their Response. An anonymous Defendant makes a vague and serious accusation that Plaintiffs asked law enforcement to criminally charge them, but they fail to provide any details or evidence so Plaintiffs can reply to their accuser (ECF 92 at 11, ¶1). The Defendants and Counsel desperately do not want Plaintiffs to be heard.

**IV. GOVERNING STANDARD**

To quote Defense Counsel, "A court may impose appropriate sanctions sua sponte upon determining that Rule 11(b) has been violated. Fed.R.Civ.P. 11(c). Rule 11 sanctions against [Defendants] are appropriate when the pleadings are ""littered with allegations that have no evidentiary support" and contain "outright falsehoods."" Sharma v. Crosscode, Inc., No. 21-CV-01766 (SRN/BRT), 2022 WL 816555, at *17 (D. Minn. Mar. 17, 2022)." The Defendants' Response is sanctionable.

**V. ARGUMENT**

The matter of misstated testimony in the Court's Order at ECF 84 was fully briefed by the parties at ECF 89, 90, 91, and 93. To recap, the Defendants' prior brief confirms that "In fact, Plaintiff Michele Koch was specifically told in the deposition that her husband testified about Nerf guns and water guns." (ECF 83 at 5-6), and Defense Counsel Jessica Bernard then asked

10

Plaintiff Michele Koch if it would be appropriate for the Defendants to do the same. The Defendants do not dispute this.

The corrected testimony should read, ""I don't know why they would" and "I don't know what Kendal did, if he even did that." (**Ex. 12** - deposition at 323, ¶¶9-18).

The Defendants' request that the Court should leave false testimony in the Order is unethical, because granting such a request would deprive Plaintiffs of due process. The Defendants and Counsel are now attempting to further the crime to deprive Plaintiffs of due process with Court assistance.

Further, Plaintiffs were prevented from fairly presenting their case and would like to present oral argument to demonstrate that the following were the cause: discovery obstruction, failure to provide initial disclosures including failure to identify material witnesses and required parties to be joined as defendants, producing false evidence, witness intimidation, and obstructing justice by furthering a conspiracy against Plaintiffs' rights (18 U.S.C. § 241) during a federal proceeding.

**WEREFORE,** Plaintiffs respectfully request a ruling in their favor, and for this Court to grant Plaintiffs request for oral argument, because explaining what the Defendants and Guin Mundorf attorneys have been doing since 2021, and during these proceedings, will be best understood through a presentation and a showing of the evidence in a forum where Counsel cannot bully Plaintiffs into silence and mislead the Court through footnotes.

>Respectfully submitted by,
>/s/ *Michele Koch*
>----------------------------------
>Michele Koch
>kochmichele@live.com

/s/ *Kendal Koch*
----------------------------------
Kendal Koch
kkoch@bssd.net
704 Old Stage Rd Pleasant Hill, MO 64080
816-547-8912
PRO SE PLAINTIFFS

# CERTIFICATE OF SERVICE

Plaintiffs, Michele Koch and Kendal Koch, Pro Se, hereby certify that on this 31st day of July 2023, that they have served their REPLY SUGGESTIONS IN SUPPORT OF THEIR RULE 60 MOTION via electronic mail upon:


Jessica M. Bernard MO #58980
jbernard@gmschoollaw.com

Anthony S. McDaniel MO #68767
amcdaniel@gmschoollaw.com

ATTORNEYS FOR DEFENDANTS


 /s/ *Michele Koch*
------------------------------------------------
Michele Koch
kochmichele@live.com

/s/ *Kendal Koch*
-------------------------------------------------

Kkoch@bssd.net
Kendal Koch
PRO SE PLAINTIFFS