UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI

MICHELE KOCH and KENDAL KOCH,    )
                                  )
              Plaintiffs,         )
                                  )
     vs.                          )     Case No: 4:22-cv-00229-HFS
                                  )
KAYLA TAYLOR, *et al.*            )
                                  )
              Defendants.         )

**PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION TO REOPEN CASE**

Comes Now, Pro Se Plaintiffs, Michele Koch and Kendal Koch, with their Reply in Support of their Motion to Reopen Case. Plaintiffs state the following:

**THE DEFENDANTS' OPPOSITION PERPETUATES FRAUD AND DEPRIVES PLAINTIFFS OF DUE PROCESS.**
**PLAINTIFFS ARE ENTITLED TO DUE PROCESS AND THEIR REQUEST FOR ORAL ARGUMENT AND EVIDENTIARY HEARING SHOULD BE GRANTED.**

The defense argues that Plaintiffs' motion is an attempt to relitigate issues, that Plaintiffs have offered no new evidence, and that Plaintiffs' motion is unsupported; however, the defense misrepresents Plaintiffs' motion, the record, and perpetuates fraud.

First, Plaintiffs do not need new evidence to point out that an issue is unresolved. The Court neglected to rule on the request in Plaintiffs' motion to correct the fabricated deposition testimony in the Order at ECF 84. Plaintiffs are not relitigating an adverse ruling, because the Court has never ruled on this matter.

Allegedly, for the sake of judicial economy, the defense refers the Court to numerous ECF events and apparently suggests the Court can find the alleged ruling itself whilst knowing

1

that no such ruling exists. On the other hand, Plaintiffs have provided the Court with convenient screenshots of the record and evidence proving that the testimony is fabricated and that no ruling on correcting it has been made.

Plaintiffs have proven that the deposition testimony cited in the order at ECF 84 is not supported by the evidence and is fabricated. Plaintiffs have proven that the Court's Order at ECF 97 neglected to rule on Plaintiffs' motions requesting correction of the fabricated testimony contained in the order at ECF 84. The Court issued these rulings without allowing Plaintiffs an opportunity to appear before the Court and be heard in a meaningful way before depriving Plaintiffs of their constitutionally protected right to their good reputation.

Plaintiff Kendal Koch works with children for a living. The Court's order that falsely states Plaintiff Michele Koch testified that he shot R.K. with Nerf guns and water guns to test his symptoms not only harms Plaintiffs marital reputation, but it also harms Plaintiff Kendal Koch's professional reputation.

Plaintiffs' motion to reopen their case argues that the Court must be fair and impartial. It is not fair nor impartial to affirm offensive and reputation harming, fabricated deposition testimony in a Court Order, that is contradicted by the transcript evidence, without providing Plaintiffs with due process which includes a right to appear before the Court and be heard.

Second, Plaintiffs do not need new evidence to argue that the defense unfairly obtained a ruling in their favor at ECF 97 by subverting the judicial process with substantial assistance from person(s) in this Court.

The order at ECF 97 is in and of itself evidence supporting Plaintiffs' claim that the defense is receiving assistance from the Court.

The Court's order at ECF 97 rules on two of Plaintiffs' motions. Plaintiffs made a clear

2

Case 4:22-cv-00229-HFS   Document 101   Filed 10/17/23   Page 2 of 10

request under FRCP 60(a) to correct the fabricated testimony, and Plaintiffs requested to disqualify the Judge due to an appearance of partiality created, in part, by the use of fabricated deposition testimony to support a ruling.

To the benefit of the defense, the Order at ECF 97 does not acknowledge Plaintiffs' request to correct the fabricated testimony in the order at ECF 84, nor does it even acknowledge that the request was made.

Further, the order at ECF 97 does not acknowledge Plaintiffs' report of an appearance of partiality due to the utilization of fabricated testimony supporting a ruling. The order at ECF 97 acknowledges the defense's misrepresentations of Plaintiffs' motions and excludes all facts and evidence presented by Plaintiffs that would be harmful to the defense. This cannot be done by accident.

For example, Plaintiffs pointed out that the Court's order at ECF 97 only acknowledges the defense's misrepresentation that an attorney "consultation" took place regarding the "Summary." The Court does not acknowledge Plaintiffs actual claim that the Defendants' paid their attorney to *create* the "Summary," and that the financial records submitted prove this.

Plaintiffs request for oral argument and a hearing prior to the Court issuing a ruling at ECF 97 was ignored. Plaintiffs specifically requested oral argument to ensure their right to be heard was observed. Without explanation, Plaintiffs were not allowed to appear before the Court to argue their motion.

Plaintiffs' Suggestions in Support of this motion provide the Court with clear and convincing evidence in the form of screen shots of the actual record that their motions subject to the ruling at ECF 97 were intentionally misrepresented by the defense, and that the person(s) in this Court who composed the order appear to have an agreement with the defense to affirm the

3

Case 4:22-cv-00229-HFS   Document 101   Filed 10/17/23   Page 3 of 10

misrepresentations and provide the defense with predetermined outcomes.

Further, the defense misrepresents Plaintiffs' motion by arguing that it is brought on the grounds of FRCP 60(b). Plaintiffs did not indicate which subsection of FRCP 60 their motion applies to, because subverting the judicial process, Section 504 retaliation by counsel, and unresolved matters likely fall under more than one subsection. It is the Court's discretion which subsection(s) apply, not defense counsels.

## THE DEFENDANTS' OPPOSITION PERPETUATES
## SECTION 504 PROHIBITED RETALIATION AND WITNESS INTIMIDATION

Plaintiffs' motion to reopen their case states that while Plaintiffs' case was still open, and while representing the Defendants and acting as an officer of this Court, Defense Counsel, Jessica Bernard, personally retaliated against Plaintiffs for requesting to withdraw their lawsuit to seek assistance from the Office of Civil Rights to protect their child.

In response, the Defendants and their counsel have engaged in additional Section 504 prohibited retaliation by requesting attorney's fees from Plaintiffs as punishment for informing the Court that retaliation took place during Court proceedings and for engaging in the protected activity of seeking a remedy. Plaintiffs have a right to report Section 504 retaliation, their report is a protected activity, and retaliation is prohibited. Section 504 requires a remedy for retaliation, and a remedy is not optional.

In addition to being retaliatory, a request for attorney's fees against pro se Plaintiffs is meant to harass and frighten Plaintiffs into silence. Because pro se Plaintiffs are witnesses, this is witness intimidation.

Further, the defense continues to make the false claim that they provided Plaintiffs with information for an insurance carrier. The Defendants argument is devoid of facts and not

4

substantiated with any evidence. The defense argues that an email from Plaintiffs with an attachment titled Letter to Insurer is evidence that the Gallagher Bassett employees the email was sent to work for an insurance business who provide the Defendants with an insurance agreement.

Further, the Defendants make the false claim that they did not previously possess Plaintiffs' email to the Gallagher Bassett employees. The Defendants first made the false claim that Plaintiffs contacted their insurance carrier at ECF 68 on January 12, 2023. It is not logical for the defense to argue that they didn't possess Plaintiffs email when this email was the basis for the Defendants request for sanctions months ago. Plaintiffs also provided the defense and this Court with the email in question on August 24, 2023. It has been part of the record for nearly two months.

Plaintiffs previously acknowledged that they believed the lie that they had been provided with contact information for an insurance carrier:

> The Defendants appear to be arguing that Plaintiffs were not subjected to witness intimidation, because Plaintiffs believed the lie that they had been provided contact information for an insurance carrier and that the Defendants had expenses from public school funds.
> The Defendants also appear to argue that Plaintiffs were not subjected to witness intimidation, because the Defendants do not think the intimidation was successful.

ECF 96 at 2, ¶ II

Plaintiffs' email to Gallagher Bassett employees is dated December 20, 2022. This is during the time period when Plaintiffs were under the belief that they had been provided with an insurance agreement from an insurance company, because that is what defense counsel told Plaintiffs.

The defense's argument appears to be that Plaintiffs can magically change the nature of a business by believing a lie they were told by the defense. For example, take the following

5

hypothetical scenario. Let's assume that Plaintiffs have never seen an apple or an orange. The defense gives Plaintiffs an apple but lies to Plaintiffs and tells Plaintiffs it's an orange. Plaintiffs, having never seen an apple or an orange, believe they have been given an orange and refer to the apple as an orange. Plaintiffs' belief in the lie does not turn the apple into an orange. The apple is still an apple, and Plaintiffs were lied to.

The defense's argument is unpersuasive. Plaintiffs can no more change the nature of a business by calling it by the wrong name than they can change an apple to an orange.

It's worth noting that the defense never confirms who their insurance carrier is, and they do not make any statement of fact that the Gallagher Bassett employees the email is addressed to are employees of an insurance carrier. The defense's opposition is devoid of facts and evidence. Further, Plaintiffs have previously proven that the defendants did not have the expenses they claimed this email caused them to incur from public school funds. This is ongoing witness intimidation.

### THE DEFENDANTS' OPPOSITION FAILS TO PROVIDE A NON-RETALIATORY EXPLANATION FOR DEFENSE COUNSEL'S DECISION TO INCLUDE PLAINTIFFS IN AN ABUSIVE AND HARASSING EMAIL TO THE OFFICE OF CIVIL RIGHTS ON BEHALF OF THE DEFENDANTS

The defense admits to intentionally including the Office of Civil Rights in an email to Plaintiffs which includes the Defendants' Motion to Strike (ECF 77) as an attachment.

The Court can view the Motion to Strike and see that the Defendants repeat the false claims about Plaintiffs contacting their insurance carrier, and that defense counsel includes hateful, degrading, harassing, and completely unprofessional comments in the Motion. These comments include the following: "Lies; Blatant falsehoods; Lying; Blatant misrepresentations;

Egregious conduct; Transcends prior deceits; Outright deceitful; Serious and false accusations; Appalling; Ridiculousness of her accusations; Deceitful conduct; Meritless false claims; and Littered with allegations that have no evidentiary support."

The defense argues that removing the Office of Civil Rights from the email chain would result in them being accused of hiding facts from a federal agency.

The defense fails to inform the Court that there was no email chain. Plaintiffs sent a new email to the defense. The defense created an email chain with their reply. The defense also omits the material fact that they have never sent Plaintiffs a motion in a reply email or as part of any email chain. The defense uses a new email to send motions to Plaintiffs. This instance was different, because the Defendants wanted to retaliate through counsel and the assumed protection of a court motion; however, if the defendant's and their counsel want to insult Plaintiffs and make false claims to the OCR, they should have known better than to include Plaintiffs in the communication.

Most notably though, the defense fails to explain what facts they would be accused of hiding from the OCR. The defense's opposition is once again devoid of any facts or evidence explaining or supporting their argument.


**IN CONCLUSION,** Plaintiffs' motion to reopen their case has merit. Plaintiffs made a clear request on the first page of their Motion and Suggestions in Support for *oral* argument pursuant to Local Rule 7.0(e). Plaintiffs cannot be deprived of their property right to their money, nor their constitutional right to their good reputation, without due process. Plaintiffs reserve their right to appear before the Court to have their argument heard for removing fabricated deposition testimony from the order at ECF 84, to hear and oppose the Defendants'

7

Case 4:22-cv-00229-HFS   Document 101   Filed 10/17/23   Page 7 of 10

unsubstantiated request for attorney's fees, and to hear and oppose the defense's missing argument as to what facts they would be accused of hiding from the OCR and how their counsel's actions are not retaliatory. Plaintiffs note that they were not able to address all of the misrepresentations made by the defense in their opposition and reserve those arguments for the requested hearing.

**WHEREFORE,** Plaintiffs respectfully request the Court to reopen Plaintiffs' case for further proceedings, immediately intervene and schedule an evidentiary hearing, and grant Plaintiffs any and all other relief the Court deems just and proper.

Respectfully submitted by,

/s/ *Michele Koch*
----------------------------------
Michele Koch
kochmichele@live.com

/s/ *Kendal Koch*
----------------------------------
Kendal Koch
kkoch@bssd.net
704 Old Stage Rd Pleasant Hill, MO 64080
816-547-8912
PRO SE PLAINTIFFS

## CERTIFICATE OF SERVICE

We hereby certify that on this 17th day of October 2023, we electronically filed the foregoing with the Court's electronic filing system which provided notification to Defense Counsel Jessica Bernard and Anthony McDaniel.


Jessica M. Bernard MO #58980
jbernard@gmschoollaw.com

Anthony S. McDaniel MO #68767
amcdaniel@gmschoollaw.com

ATTORNEYS FOR DEFENDANTS


      /s/ *Michele Koch*
------------------------------------------------
Michele Koch
kochmichele@live.com

/s/ *Kendal Koch*
------------------------------------------------
Kkoch@bssd.net
Kendal Koch
PRO SE PLAINTIFFS