# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| Michele Koch and Kendal Koch, | ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No. 4:22-CV-00229-HFS ) |
| Kayla Taylor, et. al., | ) ) |
| Defendants. | ) |

## ORDER

Michele Koch and Kendal Koch, appearing pro se, have filed a motion to reopen case pursuant to Federal Rules of Civil Procedure 60 and the Rules of Professional Conduct. (Doc. 98). Plaintiffs also seek an evidentiary ruling pursuant to local Rule 7.0(e). (Doc. 98).

This case has a lengthy procedural history. On April 10, 2023, this Court entered an Order dismissing the case with prejudice, (Doc. 84), following plaintiffs' filing a Notice of Voluntary Dismissal (Doc. 72), and briefing as to whether the dismissal should be with or without prejudice. (Docs. 82, 83). Because there was a pending motion for summary judgement filed by defendants and the parties had conducted discovery and motion practice, the dismissal was entered with prejudice. (Doc. 84).

Shortly after the order to dismiss with prejudice, plaintiffs filed this motion to reopen the case, largely repeating the complaints made in previous motions. (Docs. 98, 99). Plaintiffs' first grounds for vacating the dismissal is based on complaints about defense counsel. Plaintiffs assert that defense counsel "personally retaliated against plaintiffs for requesting to withdraw their lawsuit to seek assistance from the Office of Civil rights" . . . and that attorneys "violated the Rules of Professional Conduct by having knowledge of misconduct and remaining silent." (Doc. 99). Plaintiffs complain about misstatements in facts and testimony and that persons in the Court

"assisted the defense in reaching predetermined conclusions and deprived plaintiffs of due process and court access." (Doc. 99).

A motion for reconsideration serves the limited function of correcting manifest errors of law or fact or to present newly discovered evidence. Burgett v. Yellen, 2021 WL 4029310 (W.D.Mo.); citing, Innovative Home Health Care, Inc. v. P.T.-O.T. Associates of the Black Hills, 141 F.3d 1284, 1286 (8th Cir. 1998). Plaintiff's briefing in support of reconsideration does not show any manifest errors of law or fact and fails to present new evidence. Thus, plaintiff is not entitled to relief under Rule 59(e).

Rule 60(b) allows relief from an order due to : (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to meet Rule 59(e)'s deadline; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) a void judgment; (5) a satisfied, released, or discharged judgment, a judgment based on an earlier judgment that has been reversed or vacated, or when applying the judgment prospectively is no longer equitable; or (6) any other reason that justifies relief. Winfrey v. Ford Motor Company, 2020 WL 5541081 (W.D.Mo.).

Relief under Rule 60(b) is an extraordinary remedy that is justified only under exceptional circumstances; it is not a vehicle for setting forth arguments or evidence that were made or could have been made earlier in the proceedings. Id.

In support of reconsideration plaintiffs reiterate complaints about prior orders. None of these complaints, however, meet any of the criteria for relief. Furthermore, plaintiffs bring new allegations in their motion for reconsideration, including allegations that the school district is "[c]urrently creating a hostile environment for plaintiffs and that the [employees] do not seem to care about the injuries of disabled students in their care or on their property." (Doc. 99). Plaintiffs cite as an example an incident occurring at the school where plaintiffs' son broke his foot and that the "principal did not even bother to ask how plaintiff's son was doing." These allegations of a hostile environment are not related to plaintiffs' original claim for relief. (Doc. 1). Finally, plaintiff takes issue with this Court for granting an extension of time and failing to address the alleged "serious allegations of bias and due process violations." (Doc. 99). Again, these allegations were addressed by the Court in its order of August 31, 2023. (Doc. 97).

After careful review of the record before it, the Court is satisfied that plaintiff has failed to establish that the judgment should be set aside, and the case reopened pursuant to Rule 60. <u>Givins v. Brisco</u>, 2012 WL 5906725 (E.D.Mo.). The court is further satisfied that a hearing is unnecessary. L.R. 7.0  Because this is a closed case and plaintiffs have filed subsequent motions for reconsideration, plaintiffs only avenue for relief may be with an appeal to the Eighth Circuit, and further motions for reconsideration are not warranted.

Accordingly, plaintiffs' motion to reopen the case is DENIED.  (Doc. 98). The Clerk of the Court is directed to mail a copy of this order by regular mail and certified mail, return receipt to plaintiffs at:

> 704 Old Stage Road
> Pleasant Hill, Missouri 64080

                               _/s/ Howard F. Sachs_
                               HOWARD F. SACHS
                               UNITED STATES DISTRICT JUDGE

Dated: November 6, 2023
Kansas City, Missouri